Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000346
25-MAY-2018
08:21 AM

NO. CAAP-17-0000346

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
KEVIN LEE-KWAI, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-16-054750)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Chan, JJ.)

This appeal arises out of an Order Granting Defendant's Motion to Suppress Evidence ("Order") entered on April 5, 2017 in the District Court of the Third Circuit ("District Court").[1] The case revolves around a criminal complaint alleging that Defendant-Appellee Kevin Lee-Kwai operated a vehicle after his license had been suspended or revoked for operating a vehicle under the influence of an intoxicant in violation of section 291E-62, Hawaii Revised Statutes ("HRS").

Lee-Kwai moved to suppress the statements he made to Officer Cho at the time his citation was issued on the basis that he had not been properly apprised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). At the hearing on Lee-Kwai's motion, Hawai'i Police Department Patrol Officer Adam Cho testified on behalf of the State, while Lee-Kwai testified on his own behalf. Upon the close of the evidence, the District Court granted Lee-Kwai's motion, stating that "based on the testimony of the witnesses, . . . [the] Court finds defendant Kevin Lee-Kwai a credible witness and, . . . is going to grant defendant's motion to suppress." The State timely filed an appeal from the

_____

[1] The Honorable Margaret Masunaga presided.

Order pursuant to HRS section 641-13(7).

On appeal, the State contends that the District Court erred in (1) granting the motion to suppress where there were insufficient facts to support a finding that Lee-Kwai was the subject of a custodial interrogation, a criminal investigation, and a warrantless traffic stop; and (2) considering the suppression of statements where Lee-Kwai did not provide sufficient notice of the intent to suppress statements in his written motion.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Lee-Kwai was not subject to custodial interrogation as follows, and vacate.

Lee-Kwai challenged Officer Cho's failure to provide a *Miranda* warning before asking "who was driving the vehicles that were involved [in the alleged accident]" and thereafter asking for Lee-Kwai's driver's license. Lee-Kwai argued that because Officer Cho "held onto Lee-Kwai's vehicle documentation while subjecting [him] to questioning," he was not free to leave, and that he therefore was "seized" in a constitutional sense while undergoing "custodial questioning" that necessitated a *Miranda* warning.[2]

"Central to the protection afforded by article I, section 10 [of the Hawaiʻi Constitution] is the principle that a police officer may not undermine a person's privilege against compelled self-incrimination by subjugating his or her will to that of [the] examining police officer." *State v. Ah Loo*, 94 Hawaiʻi 207, 210, 10 P.3d 728, 731 (2000). "Absent *Miranda* warnings and a valid waiver of them, statements obtained from a person subjected to uncounseled custodial interrogation are inadmissible in a subsequent criminal proceeding brought against that person." *Id.*

---

[2] Lee-Kwai further contends that his right to remain silent was violated under *State v. Tsujimura*, 140 Hawaiʻi 299, 400 P.3d 500 (2017), irrespective of his entitlement to *Miranda* warnings. *Tsujimura*, however, concerned the admissibility of the defendant's silence, not his statements to the police. 140 Hawaiʻi at 313, 400 P.3d at 514.

"To determine whether 'interrogation' is 'custodial,' we look at the totality of the circumstances, focusing on 'the place and time of the interrogation, the length of the interrogation, the nature of the questions asked, the conduct of the police, and any other relevant circumstances.'" *Id.* (brackets omitted) (quoting *State v. Melemai*, 64 Haw. 479, 481, 643 P.2d 541, 544 (1982)).

> [A]n individual may very well be "seized," within the meaning of article I, section 7 of the Hawai'i Constitution (inasmuch as, "given the totality of the circumstances, a reasonable person would have believed that he or she was not free to leave," and yet not be "in custody," such that *Miranda* warnings are required as a precondition to any questioning. Thus, generally speaking, a person lawfully subjected to a temporary investigative detention by a police officer — who has a reasonable suspicion that is based on specific and articulable facts that criminal activity is afoot, is not subjected to "custodial interrogation" when the officer poses noncoercive questions to the detained person that are designed to confirm or dispel the officer's reasonable suspicion.

*Id.* at 211, 10 P.3d at 732 (citations omitted).

In the case of traffic roadblocks, for instance, where the police direct drivers, about whom they have no probable cause to believe may have committed any crime, violation, or infraction, to the side of the roadway for the express purpose of determining the state of their sobriety, the Hawai'i Supreme Court has held that officer questioning is not custodial interrogation, such that *Miranda* is triggered. *State v. Wyatt*, 67 Haw. 293, 300, 687 P.2d 544, 550 (1984) (reasoning that "[t]he record . . . does not reflect that the officer may have been motivated by subterfuge or trickery in putting the question [that led to an incriminating response] to [the defendant]"). The court explained that custodial interrogation is typically marked by "intimidating or inherently coercive factors usually extant when interrogation is conducted in a custodial setting." *Id.* at 300, 687 P.2d at 550. *See also State v. Kuba*, 68 Haw. 184, 184, 706 P.2d 1305, 1306 (1985) (investigative questioning during a traffic stop for driving abnormally slow and straddling two lanes is not custodial interrogation and did not require *Miranda* warnings).

Furthermore, "[f]ield interviews by the police with suspects or witnesses are not constitutionally proscribed.

Police officers are not precluded from making general on-the-scene inquiries of citizens to determine whether crime has been committed or is in progress." *State v. Patterson*, 59 Haw. 357, 362, 581 P.2d 752, 755 (1978) (citations omitted). Such questioning is permissible when properly confined and limited to what is minimally necessary for an officer to decide upon a reasonable course of investigatory action. *Id.* at 364, 581 P.2d at 756.

In *Ah Loo*, the police officer observed Ah Loo, along with six or seven other people, congregated around the bed of a pickup truck that was parked adjacent to a golf course. Ah Loo was holding an open beer can. The police officer detained the group for the purpose of obtaining each person's age. The officer asked Ah Loo for identification and, when he refused to produce any, the officer asked Ah Loo his name, age, and place of residence. Ah Loo responded that he was eighteen and the officer issued Ah Loo a citation for violating HRS section 281-101.5, which prohibits any person below the age of twenty-one from possessing liquor in a public place. Ah Loo sought to suppress his statement because he had not been read his *Miranda* rights. The Hawaiʻi Supreme Court determined that the brief information-gathering nature of the questions did not suggest that Ah Loo was in custody and vacated the district court's order granting Ah Loo's motion to suppress. *Ah Loo*, 94 Hawaiʻi at 212, 10 P.3d at 733.

Here, Officer Cho was responding to a report of a hit and run incident in the Target Store parking lot. When he arrived at the scene, he encountered three people and two automobiles. Officer Cho asked who had been driving the vehicles, and then asked for drivers' licenses and insurance information. Lee-Kwai was asked two simple, information-gathering questions in a neutral, non-coercive manner. Further, at the hearing on the motion to suppress and on appeal, Lee-Kwai failed to allege that Officer Cho held Lee-Kwai's vehicular information for a period of time in excess of what was necessary to establish collateral issues such as ownership and insurance coverage of the vehicle, or to provide any support for the

proposition that he was subjected to sustained or coercive questioning that would trigger *Miranda*. *See State v. Kalai*, 56 Haw. 366, 370, 537 P.2d 8, 12 (1975) (considering whether police questioning was conducted in a coercive or overbearing manner); *Melemai*, 64 Haw. at 481, 643 P.2d at 543 (factoring in whether a person has been "deprived of his freedom of action in any significant way"); *Patterson*, 59 Haw. at 364, 581 P.2d at 756 (no coercive circumstances where questioning is properly confined and limited to what is minimally necessary to decide a reasonable course of investigatory action). Instead, the uncontroverted evidence establishes that Lee-Kwai was asked two questions over a short period of time and issued a citation soon thereafter. Therefore, Lee-Kwai was not in custody and was not entitled to *Miranda* warnings. *See State v. Pahio*, 58 Haw. 323, 327, 568 P.2d 1200, 1204 (1977) (noting that no *Miranda* warning is necessary if the defendant's statement was not the result of custodial interrogation), abrogated on other grounds by *State v. Cabagbag*, 127 Hawaiʻi 302, 277 P.3d 1027 (2012). Accordingly, the District Court erred when it granted Lee-Kwai's motion to suppress, and we do not reach the State's second point of error.

Therefore, the Order Granting Motion to Suppress Evidence, entered on April 5, 2017 by the District Court of the Third Circuit, is vacated and the case is remanded to the District Court for further proceedings that are not inconsistent with this order.

DATED: Honolulu, Hawaiʻi, May 25, 2018.

On the briefs:

Kori A. Weinberger,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellant.

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5